Estate of Eugene Lamb Richards, Eugene Willet van Court Lucas, Jr., Administrator, C.T.A. v. Commissioner. Estate of Florence W. E. Richards, Deceased, Eugene Willet van Court Lucas, Jr., Executor v. Commissioner.
Estate of Richards v. Commissioner
Docket Nos. 109212, 109211.
United States Tax Court
1944 Tax Ct. Memo LEXIS 309; 3 T.C.M. (CCH) 288; T.C.M. (RIA) 44103; March 30, 1944
*309 Paul Van Anda, Esq., 40 Wall St., New York, N. Y., for the petitioners. Henry C. Clark, Esq., for the respondent. HARRON Supplemental Memorandum Opinion HARRON, Judge: In the Memorandum Findings of Fact and Opinion which was entered in this proceeding on September 30, 1943, it was stated on page 16 that respondent concedes that the estate is entitled to a deduction of a total sum of $72,697.77 for attorney's fee and costs. That concession, of course, was made in the event the main issue should be decided in respondent's favor. The pleadings in Docket No. 109212 present an issue relating to the right of the estate to deductions for attorney's fee and costs in the total amount stated above. After entry of the Opinion, the parties presented supplemental memoranda of briefs, under Docket No. 109212, asking that the Court determine whether the total amount of the charges is deductible by the estate in the year 1936, as petitioner now contends, or whether part is deductible in 1936 and part in 1937, in the respective amounts of $39,275.35 and $33,422.42, as respondent now contends. This question was not discussed by the parties in their original briefs. Because the pleadings raise the *310 issue, in general, consideration should be given to the question as now presented. This opinion relates only to the Estate of Eugene Lamb Richards, Docket No. 109212. [The Facts] For convenience, the facts relating to this issue are restated here. In October of 1936, the executrix of the estate was given judgment in the sum of roughly $381,000 against Presley and National Investors in a suit which she had instituted against them on behalf of the estate. Kenneth M. Spence was attorney for the estate. He worked out a settlement of the claim of the estate with the attorneys for the defeated defendants for $200,000. Spence and the others, in fact, arrived at their agreement of settlement in December of 1936. But Spence arranged that payment of the $200,000 would be made in two installments of $100,000, each, in December of 1936 and in January of 1937, although the others were ready and willing to pay the entire amount in December of 1936. Spence was to receive 33 1/3 percent of the settlement for fees plus reimbursement for costs. Spence received payments of $100,000, each, in December 1936 and January 1937, and he retained for his fee and costs $39,275.35 out of the December *311 payment, and $33,422.42 out of the January payment. For reasons which are set forth in the first report in this proceeding, the estate reported as income received in 1936 and 1937, only $40,000 and $38,000, respectively, of each payment under the settlement. Respondent determined that this was error and that the estate received constructively $200,000 income in the year 1936. We have sustained respondent's determination under our first report, and the estate is liable for tax upon $200,000 in the year 1936. Also, the estate took deductions in its returns for 1936 and 1937 for the attorney's fee and costs in the respective amounts of $39,275.35 and $33,422.42. Respondent disallowed the deductions, but at the hearing he stated that the amounts paid were not in dispute. On brief, respondent agreed that the attorney's fees and costs were deductible by the estate if the main issue should be decided in his favor. The estate made its returns on the cash basis. The question is whether the total amount of the fee and costs is deductible in 1936, or whether part is deductible in 1936 and part in 1937, in the respective amounts of $39,275.35 and $33,422.42. Petitioner contends that since this *312 Court has held that all of the proceeds of settlement were constructively received by the estate in 1936 and that since the fee and costs were a lien upon the settlement proceeds, the total amount thereof is deductible in 1936. Petitioner asserts that the right of the attorney to receive part of the proceeds in payment for his services was all part of the same transaction. Petitioner contends that it is inconsistent to tax the estate upon the entire amount of the settlement in 1936 and not to allow deduction in 1936 for all of the fee and costs. Petitioner relies upon Rollin C. Reynolds, 44 B.T.A. 342, and refers to I.T. 1666, 1 C.B. 64. Respondent contends that the estate made actual payment of the fee in the respective amounts in 1936 and 1937, and, being on the cash basis, it cannot deduct in 1936 a sum paid in 1937. Petitioner's contention is sound, and must be sustained. The estate had agreed with the attorney to pay him his fee and expenses upon a contingent basis, out of the amount realized from the litigation. The attorney's arrangements to have the $200,000 settlement paid in two installments, one in 1936 and *313 one in 1937, was to reduce the income tax of the estate, and his retention of his fee and costs in two installments was part of his entire plan. The obligation of the estate to pay him a total amount of $72,697.77 became fixed at the same time that the agreement was made to pay the estate the $200,000 in full settlement of all of its claims. The other parties to the settlement were willing to pay the entire $200,000 in December of 1936, at that time the amount of the attorney's fee and costs automatically became fixed and due and a lien upon the entire proceeds. As a matter of fact, the estate did not at any time receive the entire $200,000 and then pay the attorney his fee and costs, but the attorney acted as a disbursing agent and retained his charges out of payments made to him by the other parties. The attorney deliberately turned his back upon the offer to make payment in December 1936 and to receive is fee and costs in 1936. In reality, he had an account with the estate, altough it was not set up on any books that we know of, and such account, properly kept, would have been credited with the entire amount of the settlement and debited with the entire amount of the charges in *314 1936. Had that procedure been followed, as it should have been under our holding under the main issue, the estate would have been allowed a deduction in 1936 for the entire amount of the fee and costs. See Rollin C. Reynolds, supra. The estate constructively received the entire payment in settlement and paid the fee and costs in 1936. To restrict the estate in the matter of its allowable deductions for the charges to the literal handling of funds by the attorney, so as to put a deduction for roughly $33,000 in the year 1937, while holding the estate liable for tax on the entire amount of the settlement in 1936 is inequitable and unjust to the estate. The estate had no income in 1936 or 1937 other than income from the settlement of the claim in question. Under our holding, all of the proceeds from the settlement is taxed to the estate in the year 1936. We now hold that the estate paid all of the fee and costs simultaneously in December 1936, by a method entirely consistent with the cash system of accounting, and that the entire sum is deductible in the year 1936. Accordingly, the estate is entitled to deduct $72,697.77 in 1936. Decision will be entered *315 in Docket No. 109212 that there is a deficiency in income tax for the year 1936 in the amount of $47,207.38.